MBF1SHRC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                             22 Cr. 518 (PKC)

OLGA SHRIKI,

             Defendant.            Arraignment
------------------------------x

                                   New York, N.Y.
                                   November 15, 2022
                                   3:07 p.m.

Before:

                  HON. P. KEVIN CASTEL,

                               District Judge

                    APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY: ANDEN F. CHOW, ESQ.
    VLADISLAV VAINBERG, ESQ.
    Assistant United States Attorneys

COZEN O'CONNOR
    Attorneys for Defendant
BY: J. BRUCE MAFFEO, ESQ.

1              (Case called)
2              THE DEPUTY CLERK:  For the government?
3              MR. CHOW:  Anden Chow and Vladislav Vainberg for the
4     government, your Honor.
5              THE COURT:  Good afternoon.
6              MR. VAINBERG:  Good afternoon.
7              THE DEPUTY CLERK:  And for the defendant?
8              MR. MAFFEO:  Bruce Maffeo, M-A-F-F-E-O, for
9     Ms. Shriki, who is standing to my right.  Good afternoon,
10    Judge.
11             THE COURT: All right.  Good afternoon to both of you.
12             Has the defendant been arraigned on the indictment?
13             MR. CHOW:  No, your Honor.  Just presented.
14             THE COURT:  All right.  So you can be seated for a
15    moment.
16             Mr. Maffeo, has the defendant received the indictment
17    returned by the grand jury in this case docketed under
18    22 Cr. 518, reviewed it, and discussed it with you?
19             MR. MAFFEO:  She has, and we waive its public reading.
20             THE COURT:  And how does she plead to the charges in
21    the indictment?
22             MR. MAFFEO:  Not guilty, Judge.
23             THE COURT:  All right.  A plea of not guilty will be
24    entered on the record of the case.
25             Let me hear from the government about the volume of

1  discovery material and proposed next steps.  If you've
2  discussed them with counsel, that would be good to know.
3          MR. CHOW:  Yes, your Honor.
4          The discovery in this case is voluminous.  In addition
5  to thousands of pages of subpoena returns, the discovery also
6  consists of terabytes of raw electronic data from multiple
7  electronic devices that were seized and searched pursuant to
8  search warrants.  As the Court is aware, a discovery order has
9  been put in place by the Court.  After discussions with
10 Ms. Shriki's counsel regarding logistics and mechanics, the
11 government has begun its discovery productions.  The government
12 has conferred with counsel for Ms. Shriki prior to today's
13 conference, and the parties jointly propose that another
14 conference be scheduled for approximately six months from
15 today, by which time the government anticipates it will have
16 satisfied its discovery obligation and defense counsel will be
17 in a better position to advise the Court how much time it will
18 need to determine what, if any, pretrial motions are
19 appropriate.
20         THE COURT:  All right. First of all, I direct the
21 prosecution to comply with its obligations under *Brady v.*
22 *Maryland* and its progeny to disclose to the defense all
23 information, whether admissible or not, that is favorable to
24 the defendant, material either to guilt or to punishment, and
25 known to the prosecution.  Possible consequences for

noncompliance may include dismissal of individual charges or the entire case, exclusion of evidence, and professional discipline or court sanctions on the attorneys responsible.

I have entered a written order more fully describing this obligation and the possible consequences of failing to meet it, and I direct the prosecution to review and comply with that order.  Does the prosecution confirm that it understands its obligations and will fulfill them?

MR. CHOW:  Yes, it does.

THE COURT:  All right.  Let me hear from Mr. Maffeo. This would be a time for you to return to advise me whether there are any motions that your client wishes to make in this case.  And is the schedule proposed by the government acceptable to the defendant?

MR. MAFFEO:  It is, Judge.

THE COURT:  Okay.  Let's see whether we can get you a date.

THE DEPUTY CLERK:  June 15, 2023, at 2 p.m.

MR. MAFFEO:  I'm free that day, so yes.

THE COURT:  Good.  Let's hope it's a very warm and sunny day.

Does that work for the government?

MR. CHOW:  That works for the government.

At this time the government would move to exclude the time from today's date to June 15, 2023, in order to provide an

1  opportunity for the government to fulfill its discovery
2  obligations, time for the defense to begin its review of
3  discovery, and determine what, if any, motions would be
4  appropriate.
5              MR. MAFFEO:  No objection, Judge.
6              THE COURT:  I find that the ends of justice will be
7  served by granting the continuance through June 15, 2023, and
8  that the need for the continuance outweighs the best interests
9  of the public and the defendant in a speedy trial.  The reason
10 for my finding is that the time is needed to enable the
11 government to make discovery available, for defense counsel to
12 review that material, discuss it with his client, and be in a
13 position to return to this Court to advise whether there are
14 any motions the defendant wishes to make in this case, and
15 accordingly, the time between today and June 15, 2023, is
16 excluded under the Speedy Trial Act.
17             Anything further from the government?
18             MR. CHOW:  No, your Honor.
19             THE COURT:  From the defendant?
20             MR. MAFFEO:  No, Judge.
21             THE COURT: All right.  Thank you all very much.  As I
22 say, good to see you, Mr. Maffeo.  Happy Thanksgiving to all.
23                              o0o
24
25